## 61040. CARROLL v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by accusation with a misdemeanor in that on September 1, 1979, he did wilfully fail to obey a lawful order of a police officer invested by law with authority to direct, control, or regulate traffic. The jury returned a verdict of guilty, and defendant appeals. *Held:*

The state's only witness was the arresting deputy sheriff who testified that he was investigating "a traffic accident on Deans Bridge Road" in Richmond County. The deputy sheriff described Deans Bridge Road as a divided highway separated by a median with three lanes on each side of the median. After he was on the scene, a wrecker arrived and blocked the southbound median lane. The deputy sheriff first noticed the defendant walking past the back of the wrecker. The wrecker was in a hazardous position with no warning lights on and the deputy believing no one was in the wrecker at the time ordered the defendant to get his wrecker and take it to a safe position or leave the scene. These instructions were repeatedly given the defendant and each time defendant responded with a negative reply. Thereupon the deputy sheriff placed the defendant under arrest and at that time the defendant turned and faced the wrecker which was driven away by another.

The defendant testified in his behalf that he rode to the scene of the accident in the wrecker but was not the driver of the wrecker. On cross examination it was established that the defendant was an employee of Crook Paint & Body, the apparent owner of the wrecker, but that he was not in charge of the wrecker that night and was just riding to have something to do as his wife was working late that night.

One element for violation of Code § 68A-104 (Ga. L. 1974, pp. 633, 643) is that the order or direction given by a police officer be a lawful order or direction. We do not believe that the order of the deputy sheriff to defendant to move the wrecker was a lawful order unless defendant at the time was the owner, operator or otherwise in control of the wrecker in question. As the evidence is uncontradicted that another was driving the vehicle at that time and that the vehicle was apparently the property of Crook Paint & Body which employed the defendant on a part-time basis, we must examine the record to determine if there is any other evidence of defendant having any control over the operation of the wrecker.

The deputy sheriff testified that in his opinion the wrecker was under the defendant's control. However, this impression was apparently formed in large part by the fact that the deputy sheriff did not realize that a person was in the wrecker at the time he was

speaking to defendant until the wrecker was driven away. That this occurred at the time when the defendant turned and faced the wrecker must be viewed as coincidental in the absence of any evidence of a gesture on the part of defendant to the driver of the wrecker. Any suggestion that these facts show control by the defendant is only conjecture and speculation.

We do not find persuasive the state's reference to defendant's use of the words "mine" and "my" when referring to the wrecker, as these expressions were clearly explained by the defendant to refer to the fact that the wrecker in question was one which he usually drove when on duty, but he was not driving it on that night as he was not employed that night. Defendant testified that the wrecker pulled up right behind the police car and there was oncoming traffic and the driver had to wait until it cleared and he then pulled out and went down the road to a red light where he made a U turn and parked on the shoulder of the road.

Reviewing the record in its entirety we do not believe that a rational trier of fact could reasonably conclude that the evidence presented discloses beyond a reasonable doubt that defendant was in control of the wrecker at the time in question. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The state's evidence that defendant was somehow in control of the wrecker was purely circumstantial. The evidence presented by the state fails to exclude every other reasonable hypothesis save that of the guilt of the accused. *Woodall v. State,* 235 Ga. 525, 532 (221 SE2d 794).

If defendant had no control over the vehicle in question the order and direction of the deputy sheriff was not a lawful order. The evidence does not authorize the verdict returned against the defendant.

*Judgment reversed. Banke and Pope, JJ., concur.* ·

DECIDED JANUARY 13, 1981.

*J. Patrick Claiborne, William J. Cooney,* for appellant.
*Sam B. Sibley, Jr., Solicitor,* for appellee.